IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SAMUEL JAY JOHNSON,**

    **Plaintiff,**

   v.          CASE NO. 13-3068-SAC

**DANIEL McMURRAY, et al.,**

    **Defendants.**

## O R D E R

  This pro se civil complaint filed pursuant to 42 U.S.C. § 1983 is the latest of three filed by Mr. Johnson while he was an inmate of the Wilson County Correctional Facility, Fredonia, Kansas.[1] Plaintiff complains of a denial of medical treatment for hypertension. The court finds that the complaint is deficient including that it fails to state a claim. Plaintiff is given the opportunity to cure the deficiencies. If he fails to do so within the allotted time, this action may be dismissed without further notice. In addition, if the deficiencies are not cured, the court will count this action as a strike against Mr. Johnson pursuant to 42 U.S.C. 1915(g).[2]

---

[1]  Mr. Johnson has submitted a Notice of Change of Address. However, the address change is for the future. A plaintiff is required to submit a change of address after the change has actually occurred.

[2]  Section 1915(g) of 28 U.S.C. provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil

1

**FILING FEE**

The statutory fee for filing a civil rights complaint is $350.00. Plaintiff has submitted an Application to Proceed without Prepayment of Fees (Doc. 2) together with an affidavit stating that he has no funds. He claims that "staff" will not give him copies of his financial information because they were provided for his two prior civil actions. A plaintiff seeking leave to proceed without fees is required to submit his current inmate account information at the time each case is filed. Plaintiff has not provided sufficient facts including dates and names of participants to establish that he should be excused from this requirement.

Plaintiff is again reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[3]

**ALLEGATIONS AND CLAIMS**

---

action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[3]   Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined would be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

Plaintiff names 18 persons as defendants including Sheriff Figgins, Undersheriff Moody, 8 correctional officers, 5 lieutenants or sergeants, a person that he describes as "supposedly" a nurse, and another he describes as "supposedly" a doctor but actually a Physician's Assistant (PA). He asserts that he has the right to treatment by a licensed medical doctor and to have a doctor's order followed and claims that he is being denied that right.

In support of his assertions, plaintiff alleges the following. He has the serious medical condition of high blood pressure. He is forced to use cleaning chemicals in rooms that are not properly ventilated and has heat pumped on him all day, which causes his blood pressure and anxiety level to rise to dangerous levels. Nurse Wagner wrote "on a dry erase board in the Control Room" that his food pass was to be left open on his door, which Mr. Johnson interprets as "a direct medical order to leave a food port open" to insure proper ventilation to help keep his blood pressure down.[4] The new nurse along with staff cannot find any documentation of this being a medical order from a doctor. Plaintiff has given "staff and medical" copies of "multiple papers from medical stating it was a doctor's (M.D.) order."[5] Officer McMurray erased it a month later saying it was not

---

[4] Plaintiff also makes the completely conclusory statement that "staff" has "continually" given him the wrong medication. This allegation is not considered further as no facts are alleged in support. Mr. Johnson has been clearly advised in his prior cases that conclusory allegations are not sufficient.

[5] Plaintiff alleges that he has several grievances where "medical and staff acknowledged" this was a medical order. However, he does not present copies of any such papers or grievances, or summarize their content and provide dates and

a medical order. Defendant P.A. McIntosh stated there was no reason for plaintiff to have proper ventilation or fresh air. Sheriff Figgins ordered the food port shut. "Staff and medical staff" do not care and let "an assistant" override a doctor's order. When asked in the form complaint what relief he believes he is entitled to, plaintiff states that he has the right to proper ventilation and fresh air to help his medical condition and to have a doctor's order followed and not overridden by a sheriff and a P.A.

**SCREENING**

Because Mr. Johnson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**STANDARDS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington*

---

names of officials responding.

4

*v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**DISCUSSION**

Though plaintiff names 18 defendants, he refers to only 2 in the complaint by name along with a description of their personal acts. He has previously been informed that personal participation is a necessary element of a civil rights claim. Unless he alleges facts showing the personal participation of every other named defendant, this action is subject to dismissal as against all defendants other than defendant Sheriff Figgins and P.A. McIntosh.

Even if plaintiff alleges facts to show every defendant's personal participation, the scenario on which he bases his claim fails to evince a federal constitutional violation. Mr. Johnson was informed in one of his prior civil actions that, contrary to his assertion, he is not entitled to treatment by a licensed medical doctor. Instead, he is entitled to proper medical treatment, and his mere disagreement with the treatment provided by jail medical staff is not sufficient to state a federal constitutional violation. Moreover, plaintiff's argument that a message written on a dry-erase board by a nurse to leave his food pass open amounts to prescribed medical treatment by a physician for his high blood pressure condition does not state a plausible claim of denial of medical treatment under the Eighth Amendment. Plaintiff is given time to cure the deficiencies in his complaint that have been discussed herein. If he fails to cure these deficiencies within the time allotted, this action may be dismissed without further notice.

**ADDRESS CHANGE NOTIFICATION**

As noted, Mr. Johnson has filed a Notice of Change of Address (Doc. 3). Instead of filing a separate notice in each of his three pending cases as required, he submitted a single notice having no case caption but with Case No. 13-3042 written at the top. However, within this notice he also refers to "another complaint filed which most assuredly will be dismissed" because he did "not state his case as clearly" as in this one. Thus, it appears he intended to file this notice in other pending cases, and the clerk properly docketed his notice in this case. In his notice, plaintiff also stated that he sought to voluntarily dismiss Case No. 13-3042, and could be read to indicate that he meant to voluntarily dismiss the instant case as well. He alleges that he is not sure he will be well enough or have the time to cure the deficiencies in his complaint and that he plans to seek outside counsel to insure that he does not "misrepresent" himself or waste the time of the court. He "acknowledge[s]" that his complaint "can and will be dismissed." He further alleges that "another case" he has filed will "most assuredly"" be dismissed. If plaintiff intends for the instant case to be dismissed voluntarily, he must file a Notice of Voluntary Dismissal in this case with the caption and case number written on the top of the first page.

**IT IS THEREFORE ORDERED** that plaintiff is given thirty (30) days in which to either provide the information from his inmate account

required by statute or proof that he has properly requested and been denied this information, and to show cause why this action should not be dismissed for failure to state a constitutional claim of denial of medical treatment and for failure to show personal participation of each defendant in a constitutional violation.

**IT IS SO ORDERED.**

**Dated this 11th day of June, 2013, at Topeka, Kansas.**

                                          **s/Sam A. Crow**
                                          **U. S. Senior District Judge**